1  Cara R. Burns (State Bar No. 137557)
2  cburns@hmkblawyers.com
   HICKS, MIMS, KAPLAN & BURNS
3  3250 Ocean Park Blvd, Ste 350
   Santa Monica, California 90405
4  Telephone: (310) 314-1721
5  Facsimile: (310) 314-1725
   Attorneys for Plaintiff,
6  LIVE NATION MERCHANDISE, INC.
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10
11  LIVE NATION MERCHANDISE, INC.,  )   Case No. CV12-3527-RGK
                                    )            (AGRx)
12              Plaintiff,          )
                                    )   COMPLAINT FOR:
13          v.                      )   TRADEMARK
                                    )   INFRINGEMENT; UNFAIR
14  JOHN DOES 1-5, JANE DOES 1-4 AND )  COMPETITION; CALIFORNIA
    XYZ COMPANY,                    )   CIVIL CODE 3344(a); AND
15                                  )   RIGHT TO PRIVACY
                Defendants.         )
16                                  )
17
18      Plaintiff files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

19      1.      This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051
20  et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction
21  over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C.
22  §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

23
24      2.      Live Nation Merchandise, Inc. ("Plaintiff") is a Delaware corporation with
25  its principal place of business in San Francisco, California.
26      3.      Defendants John Does 1-5, Jane Does 1-4 and XYZ Company who are
27  sued herein under fictitious names because their true names and capacities are unknown
28

Hicks, Mims,
Kaplan, and Burns
Attorneys at Law

Complaint

PAID

APR 2 4 2012

Clerk, US District Court
COURT #512

1  at this time. This complaint will be amended when their true names and capacities are
2  ascertained.

3      4.      Upon information and belief, the individual defendants will be present in
4  and about the Central District of California in connection with the claims asserted
5  below and are or will be subject to the jurisdiction of this Court.

6      5.      On information and belief, defendant XYZ Company through its agents,
7  servants and employees, is or will be present in and about the Central District of
8  California and is or will be subject to the jurisdiction of this Court.

9      6.      Defendants, and each of them, are individuals and business entities who,
10  upon information and belief, are acting in concert and active participation with each
11  other in committing the wrongful acts alleged herein. Defendants John Does 1-5, Jane
12  Does 1-4, and XYZ Company are hereinafter referred to collectively as "Defendants."

13                    **THE BACKGROUND OF THE ACTION**

14      7.      Plaintiff is engaged in the manufacture, distribution and sale of various
15  types of merchandise sold and distributed at concerts and at retail stores of musical
16  performing artists and groups, including, but not limited to tour books, T-shirts, jerseys,
17  sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the
18  names, likenesses and trademarks of musical performers and groups.

19      8.      "**COLDPLAY**" (the "Group") is the trademark used by the musical group
20  of the same name, in connection with their performing, recording, merchandising and
21  other related goods in all aspects of the entertainment industry and to distinguish their
22  services from all other such artists. The Group has used their mark in connection with
23  their recording and performing services for nearly 14 years. The Group has obtained
24  Federal Trademark Registration Number 3557526   for their trademark "COLDPLAY"
25  for use in connection with: International Class ("IC") 25 clothing; IC 16 paper and
26  paper articles; IC 41 entertainment services; and IC 9 recordings.

27
28

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

9.    Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, servicemarks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Group's concerts on their present North American concert tour.

10.    The Group has used their trademarks to identify officially authorized goods and services and to distinguish their marks from those of others by, among other things, prominently displaying the Group's Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise. The Group's Trademarks have been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

11.    The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas and stadiums in the United States, and throughout the world and has been seen and heard in concert by millions of popular music enthusiasts. The Group has sold over 50 million units of recordings.  Further, the previous tours by the Group were attended by hundreds of thousands of people.  The Group is so popular that almost all of the performances are sold out.

12.    As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Group's Trademarks.

13.    Plaintiff and the Group annually realize substantial income from the sale of the Tour Merchandise bearing the Group's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

14.    On May 1 and May 2, 2012, at the Hollywood Bowl in Los Angeles, California, the Group will perform (the "Concerts").

15.     Pursuant to the Agreement, the Group has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Group's Trademarks at or near the site of the Concerts and at all other arenas and stadiums in which the concert tour will perform. The authorized Tour Merchandise bearing any or all of the Group's Trademarks will be distributed throughout the United States in connection with the concert tour.

## DEFENDANTS' UNLAWFUL CONDUCT

16.     On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concerts before, during and after their performance, and at subsequent concerts during the concert tour.

17.     The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Group or Plaintiff.

18.     The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality.  The sale of such merchandise has injured and is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and Tour Merchandise.

19.     The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true.  It also injures the Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Complaint

20.    The aforesaid manufacture, distribution and sale of Unauthorized
Merchandise bearing the trademarks, servicemarks, likenesses, logos and other indicia
of the Group constitutes a false designation of the source of origin of such goods and
falsely describes and represents such merchandise.  The use by Defendants and others
of the Group's Trademark also constitutes an attempt to palm off and appropriate to
themselves the Plaintiff's exclusive rights.

21.    Upon information and belief, Defendants and others have and will
continue to engage in such unauthorized activities in this state and elsewhere in
interstate commerce and are likely to continue such activities throughout the concert
tour, to the great injury of Plaintiff, as well as the Group.

22.    Plaintiff has no adequate remedy at law and will suffer irreparable harm
and damage as a result of the aforesaid acts, in an amount presently incalculable.

### FIRST CLAIM FOR RELIEF
(Infringement of Registered Trademarks)

23.    Plaintiff realleges each allegation set forth in paragraphs 1-22 above.

24.    By reason of the foregoing, Plaintiff hereby asserts a claim against
Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with
respect to Defendants' infringement of the registered marks.

### SECOND CLAIM FOR RELIEF
(Violation of the Lanham Act)

25.    Plaintiff realleges each allegation set forth in paragraphs 1-22 above.

26.    By reason of the foregoing, Plaintiff hereby asserts a claim against
Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1125(a), with
regards to the false designation of origin and false descriptions and representations in
commerce of Defendants' Unauthorized Merchandise.

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Complaint

1

2

## THIRD CLAIM FOR RELIEF
(Violation of California Civil Code § 3344(a))

3    27.    Plaintiff realleges each allegation set forth in paragraphs 1 -22 above.

4    28.    Upon information and belief, the aforesaid acts by Defendants and others
5 will involve the knowing use of the Group's name and likeness without consent, in
6 violation of California Civil Code § 3344(a).

7    29.    By reason of the foregoing, Plaintiff hereby asserts a claim against
8 Defendants for injunctive and monetary relief pursuant to California Civil Code § 3344
9 with respect to Defendants' unlawful use of the Group's name and likeness.

10

11

## FOURTH CLAIM FOR RELIEF
(Violation of Common Law Right to Privacy)

12    30.    Plaintiff realleges each allegation set forth in paragraphs 1 - 22 above.

13    31.    By virtue of the expenditures of time, efforts and talent by the Group and
14 Plaintiff in advertising, publicizing and promoting the accomplishments of the Group
15 and through extensive commercial exploitation of their public persona, the Group and
16 Plaintiff have created rights of publicity in the Group's names which has been licensed
17 and conveyed to Plaintiff.

18    32.    The aforesaid uses of the Group's Trademarks by Defendants constitute
19 infringements of such rights of privacy.

20    33.    By reason of the foregoing, Plaintiff hereby asserts a claim against
21 Defendants for injunctive and monetary relief under the Common Law Right to Privacy
22 with respect to Defendants' unauthorized use of Group's name and likeness.

23

## PRAYER FOR RELIEF

24    WHEREFORE, Plaintiff seeks relief against Defendants as follows:

25    A.    As to All Claims For Relief, that Defendants, their agents, servants,
26 employees, officers, attorneys, successors and assigns, and all persons acting in concert
27 with them, be enjoined in this and all other judicial districts in the United States,

28

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

1   preliminarily during the course of this litigation and permanently from: 1)
2   manufacturing, distributing, selling, offering for sale, holding for sale or advertising
3   any products, merchandise or goods bearing the Group's Trademarks or any colorable
4   variation or imitation thereof; and 2) representing that any products, merchandise or
5   goods manufactured, distributed, sold, held for sale or advertised by them is sponsored
6   or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks
7   to enforce this Court's injunction order.

8       B.      As to All Claims For Relief, that this Court order the United States
9   Marshal, the local and state police or sheriff, off duty officers of the same, authorized
10  agents of Plaintiff, and/or any persons acting under their supervision to seize and
11  impound any and all Unauthorized Merchandise which the Defendants attempt to sell,
12  distribute or hold for sale at, within or in the vicinity of the arenas at which the Group is
13  performing, whether this occurs before, during or after the concerts on the concert tour.

14      C.      That Defendants deliver up for destruction all Unauthorized Merchandise.

15      D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an
16  amount to be determined and that Plaintiff be awarded its costs, attorney's fees and
17  such other and further relief as the Court deems to be just and proper.

18  Dated: April  24, 2012              Respectfully Submitted
19                                      /s/ Cara R. Burns_____
                                        Cara R. Burns, Esq. (Cal. Bar # 137557)
20                                      Hicks, Mims, Kaplan & Burns,
                                        3250 Ocean Park Blvd, Suite 350
21                                      Santa Monica, California  90405
22                                      Telephone: (310) 314-1721
                                        Facsimile: (310) 314-1725
23

24

25

26

27

28



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 3527 RGK (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FOR OFFICE USE ONLY

LIVE NATION MERCHANDISE, INC.

PLAINTIFF(S)

v.

JOHN DOES 1-5, JANE DOES 1-4 AND XYZ
COMPANY

DEFENDANT(S).

CASE NUMBER

CV12-3527-PGK (AGRx)

SUMMONS

TO:   DEFENDANT(S):  NAMED ABOVE

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, CARA R. BURNS _____, whose address is 3250 OCEAN PARK BLVD, STE 350, SANTA MONICA, CA 90405 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  APR 2 4 2012        FOR OFFICE USE ONLY        MARILYN DAVIS

By _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) LIVE NATION MERCHANDISE, INC. | DEFENDANTS JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) CARA R. BURNS, HICKS,MIMS,KAPLAN & BURNS, 3250 OCEAN PARK BLVD SUITE 350, SANTA MONICA, CA 90405 310-314-1721 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. section 1051 et. seq. Seizure of unlawful goods at concerts

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV12-3527

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 08-4888 ABC, 11-4816 ABC, 11-8333 ABC, 10-5926 ABC, 10-3580 ABC, See related case notice

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
 ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
 ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
 ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 4/24/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |