**Cara R. Burns (SBN: 137557)**
**Hicks, Mims, Kaplan & Burns**
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

**Attorneys for Plaintiff,**
**LIVE NATION MERCHANDISE, INC.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE NATION MERCHANDISE, INC. ) <br>  ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN DOES 1-5, JANE DOES 1-4 AND ) <br> XYZ COMPANY, ) <br> ) <br> Defendants. ) | Case No. CV 12-3527 ABC (JEMx) <br><br> [**PROPOSED**] PRELIMINARY INJUNCTION AND SEIZURE ORDER <br><br> Hearing Date: May 7, 2012 <br> Time:             10:00 a.m. <br> Courtroom:    680, Hon. Audrey B. Collins |

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses or other indicia of the group known as **"COLDPLAY"** (the "Group") (collectively the "Group's Marks") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the and/or near the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Audrey B. Collins on the 7th day of May, 2012, at the United States Courthouse in the Central District of California, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the Group's Marks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with them;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the sites of the Group concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff , the Group with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Seizure Order; and an Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and the unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Group's Marks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Marks; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, Peter Weber and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Marks (i.e. the **COLDPLAY** marks) or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Group's Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the

1 aforementioned Process Server and that the Process Server or agents for Plaintiff be
2 allowed to photograph, videotape or otherwise identify the defendant.

3     **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to
4 each person from whom goods are seized.

5     **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with
6 a copy of this Order who objects to the provisions herein may submit his or her
7 objections to this Court or otherwise move for relief from this Court within ten (10)
8 days of the date of seizure according to the Federal Rules of Civil Procedure, but no
9 such objection shall serve to suspend this Order or stay the terms hereof unless
10 otherwise ordered by this Court.

11     **IT IS FURTHER ORDERED**, that all unauthorized items heretofore or
12 hereafter seized in this action be delivered up to the Plaintiff or the persons designated
13 above, pending final disposition of this matter.

14     **IT IS FURTHER ORDERED**, that the bond heretofore deposited with the Clerk
15 of this Court to secure payment of costs incurred in enforcing the provisions of the
16 temporary restraining order and any damages sustained by any party who is found to
17 have been wrongfully enjoined thereby is continued until final disposition of this matter.

18     **IT IS SO ORDERED.**
19 Dated: May 7, 2012      _____
20 At: 10:05 a.m.      **THE HONORABLE AUDREY B. COLLINS**
    **UNITED STATES DISTRICT COURT JUDGE**
21
    Presented By:
22
_____
23 **Cara R. Burns (SBN: 137557)**
**Hicks, Mims, Kaplan & Burns**
24 **3250 Ocean Park Blvd, Suite 350, Santa Monica, CA 90405**
**Tel: (310) 314-1721/Fax: (310) 314-1725**
25 **cburns@hmkblawyers.com**

26

27

28